# EXIBIT A

Case No. 14-11665-CMA          Adv. Proc. No. 19-01060-CMA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| In Re the Marriage of: | ) | |
| | ) | |
| NOAH KEABLES, | ) | NO. 12-3-04949-5 KNT |
| | ) | |
| Petitioner, | ) | CR 2A STIPULATION OF |
| | ) | SETTLEMENT AND |
| | ) | AGREEMENT TO ENFORCE |
| vs. | ) | |
| | ) | |
| PAMELA KEABLES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## AGREEMENT

THIS AGREEMENT is made and entered into this 22nd day of January, 2014 by and between the above named Petitioner, NOAH KEABLES and the Respondent, PAMELA KEABLES. The parties hereby agree to enforce the following agreement pursuant to Civil Rule 2A as it applies to the dissolution action described above and incorporate the following terms into their final dissolution pleadings to be entered with the court in lieu of trial.

WHEREAS, without court intervention, it is the desire of the parties to make a complete and final statement of all issues pertaining to their dissolution action. Both parties understand and agree to abide by the following terms and it is further understood that the following terms shall be enforced and upheld by any trial judge or court commissioner:

**CR 2A AGREEMENT – Page 1 of 4**



**CURRY & WILLIAMS, PLLC.**
960 East Main Street
Auburn, Washington 98002
(253) 833-2044 / (253) 383-3069

1. The final parenting plan in this matter which shall be entered with the court is attached as Exhibit "A".

2. The property and debts of the parties shall be divided and awarded pursuant to Exhibit "B". Values are not dispositive.

3. The family home shall be awarded to the wife. She shall be responsible for all mortgages, property taxes, property insurance and utilities on said property.

4. Wife shall receive 67% of husband's SER 3 plan accrued from the date of marriage until the date of separation (defined as May 4, 2012) plus any interest or accruals from that date forward.

5. Each party is awarded the motor vehicles in their possession. The wife is awarded the van and the husband is awarded the truck. Parties shall cooperate in signing any necessary documents to transfer titles of the respective vehicles awarded to them.

6. Each party shall retain the personal property items currently in their possession, unless otherwise provided herein. Husband to receive his motorcycle; wife to receive the generator.

7. Each party shall retain any property acquired by them since the date of separation and be responsible for any debt incurred by them since that date.

8. Each party shall be responsible for any debt in their name, except as otherwise specified herein. However, both parties reserve the right to file for bankruptcy protection on all of the debt in existence.

9. Spousal maintenance shall be paid from the husband to wife as follows: Effective February 1, 2014, maintenance shall be paid in the amount of $1,500.00 per month for a period of 30 months, ending July 31, 2016 and then $1,150.00 per month from August 1, 2016 until January 31, 2017 at which time spousal maintenance shall end.

**CR 2A AGREEMENT – Page 2 of 4**

CURRY & WILLIAMS, PLLC.
960 East Main Street
Auburn, Washington 98002
(253) 833-2044 / (253) 383-3069

*Subject to life insurance provision in OCS*

10. Maintenance shall terminate upon the death or remarriage of the wife, the death of the husband, or the date listed above, whichever event occurs first. Otherwise, this provision shall be non-modifiable in all respects.

11. Effective February 1, 2014, the husband shall pay child support pursuant to the attached Order of Child Support (Exhibit "C").

12. Father to file an amended tax return for 2012 listing all *100%* of his income, claiming all of the children as exemptions and taking all of the itemized deductions. Wife to file on 2012 based upon her earned income alone.

13. Attorney's fees: Each party shall be responsible for their own attorney's fees.

14. The husband's attorney shall prepare final documents, including any QDROs. ~~Wife's attorney shall have all orders entered with the court.~~

15. Any disagreement regarding the drafting of the final orders or issues that the parties failed to resolve as apart of this agreement shall be decided by binding arbitration with Dan C. Williams. Costs of arbitration to be shared equally, subject to reallocation by arbitrator.

16. Entered as shared plan for SERS plan 3 until husband/participant is vested at which time QDRO will be amended to create separate interest for alternate payee/wife. While a shared plan is in effect, wife shall be designated the surviving spouse/beneficiary.

17. Petitioner drafts final papers & will present to Court.

CURRY & WILLIAMS, PLLC.
960 East Main Street
Auburn, Washington 98002
(253) 833-2044 / (253) 383-3069

18. Wife to pay $500 towards mediation today; husband to pay balance.

Dated: _____

Dated: 1/22/2014

_____
JASON D. GABER
Attorney for Petitioner
W.S.B.A. #31452

_____
PEGGY FRAYCHINEAUD GROSS
Attorney for Respondent
W.S.B.A. #14731

_____
NOAH KEABLES
Petitioner

_____
PAMELA KEABLES
Respondent

**CR 2A AGREEMENT – Page 4 of 4**

**CURRY & WILLIAMS, PLLC.**
960 East Main Street
Auburn, Washington 98002
(253) 833-2044 / (253) 383-3069

1
2
3
4
5
6
7 **Superior Court of Washington**
**County of King**
8
9 In re the Marriage of:
10 Noah Keables
Petitioner,           **No.** 12-3-04949-5 KNT
11 and
**FINAL PARENTING PLAN**
Beginning week I for
12 Pamela Keables           (PP) Dad on 1/29/2014
Respondent.
13 This parenting plan is the final parenting plan.

14 **It Is Ordered, Adjudged and Decreed:**

15
16                         **I. General Information**

17 This parenting plan applies to the following children:

| <u>Name</u> | <u>Age</u> |
|---|---|
| Stephen Keables | 13 |
| Barnabas Keables | 11 |
| Miriam Keables | 9 |
| Nathanael Keables | 6 |
| Naomi Keables | 6 |

18
19
20
21
22                      **II. Basis for Restrictions**

23 *Under certain circumstances, as outlined below, the court may limit or prohibit a parent's contact*
*with the child(ren) and the right to make decisions for the child(ren).*

24 **2.1      Parental Conduct (RCW 26.09.191(1), (2))**

25          Does not apply.

26

*Parenting Plan (PPP, PPT, PP) - Page 1 of 10*

## 2.2 Other Factors (RCW 26.09.191(3))

Does not apply.

## III. Residential Schedule

*The residential schedule must set forth where the child(ren) shall reside each day of the year, including provisions for holidays, birthdays of family members, vacations, and other special occasions, and what contact the child(ren) shall have with each parent. Parents are encouraged to create a residential schedule that meets the developmental needs of the child(ren) and individual needs of their family. Paragraphs 3.1 through 3.9 are one way to write your residential schedule. If you do not use these paragraphs, write in your own schedule in Paragraph 3.13.*

## 3.1 Schedule for Children Under School Age

There are no children under school age.

## 3.2 School Schedule

Upon enrollment in school, the children shall reside with the mother, except for the following days and times when the children will reside with or be with the father:

*See addendum attached.* a.m.

## 3.3 Schedule for Winter Vacation

In odd years, the children shall reside with the mother from after school the day school lets out for winter vacation until 8:00 p.m. on December 24th and with the father from 8:00p.m. on December 24th until *school resumes* . In even years, the children shall reside with the father from after school the day school lets out for winter vacation until 8:00 p.m. December 24th and with the mother from 8:00 p.m. December 24th until school resumes.

## 3.4 Schedule for Other School Breaks

(a) <u>Midwinter break (if any):</u> The children shall reside with the mother in even years and with the father in odd years.

(b) <u>Spring break:</u> The children shall reside with the mother in odd years and with the father in even years.

*School* breaks shall be defined as Monday at 9:00 a.m. until Friday at 4:00 p.m.

## 3.5 Summer Schedule

Same as school schedule, except see paragraph 3.6

## 3.6 Vacation With Parents

Each parent shall be allowed up to two weeks of uninterrupted time each year. A week shall be defined as seven days. Vacation requests are to be *provided to the other parent with 30 days notice. Paragraph 6.11 shall apply and itineraries shall be provided*

*Parenting Plan (PPP, PPT, PP) - Page 2 of 10*

_[handwritten at top: with 30 days notice prior to the proposed dates. If the parties cannot]_

_[handwritten left margin: PB = agree,]_

Mother _[handwritten: dates]_ shall be given priority in even years, and father _[handwritten: 's dates]_ shall have priority in odd years. Failure to exchange schedule will result in loss of priority but not loss of vacation time.

### 3.7 Schedule for Holidays

The residential schedule for the children for the holidays listed below is as follows:

| | With Father | With Mother |
|---|---|---|
| New Year's Day | ***See Paragraph 3.3*** | |
| Martin Luther King Day/Birthday | Even | Odd |
| Presidents' Day | Odd | Even |
| Easter/Palm Sunday | Even | Odd |
| Memorial Day | Odd | Even |
| July 4th | Even | Odd |
| Labor Day | Odd | Even |
| Veterans' Day | Even | Odd |
| Thanksgiving Day | Odd | Even |
| Christmas Eve | ***See Paragraph 3.3*** | |
| Christmas Day | ***See Paragraph 3.3*** | |
| Epiphany | | |
| _[handwritten: Halloween]_ | _[handwritten: Odd EVEN]_ | _[handwritten: Even ODD]_ |

_[handwritten margin: OK  Every Even ODD]_

_[handwritten left margin: PB]_

For purposes of this parenting plan, a holiday shall begin and end as follows:

From 8:00p.m. the night before the holiday until 8:00 p.m the night of the holiday unless otherwise agreed by the parties in writing (such as email), except

**July 4th** shall be from 5:00 p.m. on July 3rd until _[handwritten: 5:00 pm]_ ~~4:00~~ p.m. on July 5th

**Thanksgiving** shall be from 5:00 _[handwritten: pm]_ Wednesday until ~~5:00~~ p.m. on _[handwritten: Friday.]_ ~~Friday~~

For holidays that fall on a Friday, Saturday, Sunday, or a Monday it shall include the entire weekend, EXCEPT for Christmas Eve/Christmas.

### 3.8 Schedule for Special Occasions

The residential schedule for the children for the following special occasions is as follows:

| | With Mother | With Father |
|---|---|---|
| Mother's Day | Every | |
| Father's Day | | Every |

For purposes of this parenting plan, a special occasion shall be defined as ~~9:00 a.m.~~ _[handwritten: 7:00 pm the day prior]_ to 7:00 p.m., except

_Parenting Plan (PPP, PPT, PP) - Page 3 of 10_

Case No. 14-11665-CMA          EXIBIT A          Adv. Proc. No. 19-01060-CMA

The schedule for the children's birthdays is as follows:

Children shall be with the mother during the day until 6:00 p.m., father shall have the children 6:00p.m. 8:00 p.m.

### 3.9 Priorities Under the Residential Schedule

Paragraphs 3.3 - 3.8, have priority over paragraphs 3.1 and 3.2, in the following order: .

Rank the order of priority, with 1 being given the highest priority:

3 6 winter vacation (3.3)          2 holidays (3.7)
4 5 school breaks (3.4)            1 special occasions (3.8)
6 4 summer schedule (3.5)         5 vacation with parents (3.6)

### 3.10 Restrictions

Does not apply because there are no limiting factors in paragraphs 2.1 or 2.2.

### 3.11 Transportation Arrangements

Transportation costs are included in the Child Support Worksheets and/or the Order of Child Support and should not be included here.

Transportation arrangements for the children, between parents shall be as follows:

*Pick-up from school and father shall deliver the children to church (St. Lukes) at 9:45 a.m. when his residential time is through Sunday morning and father shall deliver the children to school when his residential time is through Monday morning. If there is no school then father shall meet mother at Albertson's at 9:00am on Monday mornings.*
*1. During the summer, Mother shall meet father at Albertson's on Saturdays and Wednesdays and Thursdays to exchange the children's* OK

*meet at Albertson's at 312 and rose Hill*

### 3.12. Designation of Custodian

The children named in this parenting plan are scheduled to reside *an equal amount* of the time with *each parent*. This parent is designated the custodian of the children solely for purposes of all other state and federal statutes which require a designation or determination of custody. This designation shall not affect either parent's rights and responsibilities under this parenting plan. *Mother shall have the Head of Household designation for the children if only one parent can take it subject*

### 3.13 Other

*to adjustment/modification. A child support and when maintenance ends. Both parents are designated custodians under Hague & the Relocation Act. Neither parent has the presumption under the Act.*

(a) Each parent shall be responsible for making sure the children complete all their homework assignments on their residential time.

## 3.14 Summary of RCW 26.09.430 - .480, Regarding Relocation of a Child

This is a summary only. For the full text, please see RCW 26.09.430 through 26.09.480.

If the person with whom the child resides a majority of the time plans to move, that person shall give notice to every person entitled to court ordered time with the child.

If the move is outside the child's school district, the relocating person must give notice by personal service or by mail requiring a return receipt. This notice must be at least 60 days before the intended move. If the relocating person could not have known about the move in time to give 60 days' notice, that person must give notice within 5 days after learning of the move. The notice must contain the information required in RCW 26.09.440. See also form DRPSCU 07.0500, (Notice of Intended Relocation of A Child).

If the move is within the same school district, the relocating person must provide actual notice by any reasonable means. A person entitled to time with the child may not object to the move but may ask for modification under RCW 26.09.260.

Notice may be delayed for 21 days if the relocating person is entering a domestic violence shelter or is moving to avoid a clear, immediate and unreasonable risk to health and safety.

If information is protected under a court order or the address confidentiality program, it may be withheld from the notice.

A relocating person may ask the court to waive any notice requirements that may put the health and safety of a person or a child at risk.

Failure to give the required notice may be grounds for sanctions, including contempt.

**If no objection is filed within 30 days after service of the notice of intended relocation, the relocation will be permitted and the proposed revised residential schedule may be confirmed.**

A person entitled to time with a child under a court order can file an objection to the child's relocation whether or not he or she received proper notice.

An objection may be filed by using the mandatory pattern form WPF DRPSCU 07.0700, (Objection to Relocation/Petition for Modification of Custody Decree/Parenting Plan/Residential Schedule). The objection must be served on all persons entitled to time with the child.

The relocating person shall not move the child during the time for objection unless: (a) the delayed notice provisions apply; or (b) a court order allows the move.

If the objecting person schedules a hearing for a date within 15 days of timely service of the objection, the relocating person shall not move the child before the hearing unless there is a clear, immediate and unreasonable risk to the health or safety of a person or a child.

# IV. Decision Making

## 4.1 Day-to-Day Decisions

*Parenting Plan (PPP, PPT, PP) - Page 5 of 10*

Each parent shall make decisions regarding the day-to-day care and control of each child while the child is residing with that parent. Regardless of the allocation of decision making in this parenting plan, either parent may make emergency decisions affecting the health or safety of the children.

## 4.2 Major Decisions

Major decisions regarding each child shall be made as follows:

| | |
|---|---|
| Education decisions ~~(The children shall remain in current schools)~~ | joint |
| Non-emergency health care | joint |
| Religious upbringing | joint |
| Tattoos/Piercing | joint |
| Driver's License | joint |
| Driver's Permit ➤ *cell phones + online accounts* | joint |
| ~~Electronic Devices that require a service plan, agreement and/or money~~ *(removed)* | joint |
| ~~Online accounts that require a service plan, agreement and/or money~~ *(rejected)* | joint |
| Marriage *before age 18* | joint |
| Military Service *before age 18* *other parent* | joint |

## 4.3 Restrictions in Decision Making

Does not apply because there are no limiting factors in paragraphs 2.1 and 2.2 above.

## V. Dispute Resolution

*The purpose of this dispute resolution process is to resolve disagreements about carrying out this parenting plan. This dispute resolution process shall be used before filing a petition to modify the plan.*

Disputes between the parties, other than child support disputes, shall be submitted to *Dan Williams, attorney.*

*The parties shall mediate with each party having a separate room and a support person or attorney present.*

The cost of this process shall be allocated between the parties as follows: ~~as determined in the dispute resolution process.~~ *50/50; subject to reallocation.*

The dispute resolution process shall be commenced by notifying the other party by ~~written request.~~ *certified mail.*

In the dispute resolution process:

(a) Preference shall be given to carrying out this Parenting Plan.

(b) Unless an emergency exists, the parents shall use the designated process to resolve disputes relating to implementation of the plan, except those related to financial support.

(c) A written record shall be prepared of any agreement reached in counseling or mediation and of each arbitration award and shall be provided to each party.

*Parenting Plan (PPP, PPT, PP) - Page 6 of 10*

(d)     If the court finds that a parent has used or frustrated the dispute resolution process without good reason, the court shall award attorneys' fees and financial sanctions to the other parent.

(e)     The parties have the right of review from the dispute resolution process to the superior court.

## VI. Other Provisions

There are the following other provisions:

6.1     Neither parent shall use alcohol, *to excess* marijuana, or other illicit substances while any of the children are in their care.

6.2     Neither parent shall use the children as a medium for communication with the other parent. *Parties shall communicate via email except for emergencies.*

6.3     Neither parent shall make derogatory or disparaging remarks/comments about the other parent/significant other or allow *anyone else* to do so when speaking to any of the children, nor while any of the children are in listening distance. Neither parent shall allow or encourage any of the children to make derogatory comments about the other parent. Neither parent shall encourage or *require* the children to refer to a third party as "Mom", "Dad" or the likes.

6.4     Neither parent shall do anything which would estrange the child from the other parent or impair the natural development of the child's love and respect for each parent.

6.5     Neither parent shall ask the children to make decisions or requests involving the residential schedule, except to advise of plans which have already been agreed to by both parents in advance. Neither parent shall encourage, entice or coerce any of the children to change his/her primary residence or encourage the children to believe it is their choice to do so. It is a decision that will be made by the parents or, if they cannot agree, by the courts.

6.6     ~~Each parent shall comply with all medical treatment/recommendations of the children's health care providers.~~

6.7     *Neither parent nor any third parties shall use any corporal punishment on the children.*

6.8     Each parent *shall* ~~:~~ honor the other parent's parenting style and authority. Neither parent shall impinge or interfere with the other parent's plans, arrangements or parental authority. Each parent *shall* encourage the children to discuss their grievance with a parent directly.

6.9     Each parent shall provide and maintain adequate, size appropriate, and age appropriate toiletries and other personal effects for the children at his/her residence. Neither parent shall "stockpile" the children's clothing and possessions. Both parents shall cooperate in providing and returning the clothing and possessions of the children brought from the other person's home.

*Parenting Plan (PPP, PPT, PP) - Page 7 of 10*

6.10   Each parent shall be responsible for keeping themselves advised with respect to each child's schedule, school, medical, athletic, and social events/activities. New activities shall not be scheduled to unreasonably interfere with the other parent's time with the children. Each parent shall ensure that the children attend regularly scheduled extracurricular activities during his/her residential time. *Should any significant information be made available to one parent, they shall immediately provide it to the other parent.*

6.11   Although each child shall be accompanied to any social event by the parent with whom the child resides, the other parent may attend as well, so long as that parent conducts himself/herself in a reasonable manner and does not cause disruption at such events.

6.12   Each parent shall provide the other parent with the address and telephone number of his/her residence and work. This information shall be updated promptly whenever it changes. If a parent will be out of town for three days or more, he/she will provide the other with an address and telephone number where he/she may be reached in the event of an emergency.

6.13   *The children may call the other parent at reasonable times. Both parents shall ensure that the children shall have access to a ~~landline~~ phone at their residence.*

6.14   Neither parent shall financially obligate the other parent regarding the children without the written consent of the other parent, unless otherwise provided in the Order of Child Support.

6.15   Each parent shall have equal and independent authority to confer with ALL school, care, health care, and any other programs and/or individuals who have an impact upon the children's development. Each parent shall have full and equal access to any written record from the aforementioned organizations or individuals. Any third party having or maintaining any such records is hereby authorized to release any and all requested information upon presentation of this order by the Court, by a named parent herein. Any person, including but not limited to any physician, psychologist, counselor, or educator may speak candidly of or concerning the children named herein to either of the above-named parents without further Court Order or Subpoena authorizing same, upon presentation of this Order. Each parent shall be responsible for keeping themselves apprised of meetings and events.

6.16   *Both parents shall advise the other of any emergency involving the children as soon as possible, but in no event later than four hours after such emergency event.*

6.17   Travel Inside/Outside Washington-Including International Travel: Either parent may take the children out of the state of Washington during visitation provided that the parent traveling provide the other parent with written notice of vacation information for all travel according to this parenting plan.

6.18   *Neither parent to discuss court action with the children or allow them to read court pleadings.*

## VII. Declaration for Proposed Parenting Plan

Does not apply.

## VIII.  Order by the Court

It is ordered, adjudges and decreed that the parenting plan set forth above is adopted and approved as an order of this court

**WARNING:** Violation of residential provisions of this order with actual knowledge of its terms is punishable by contempt of court and may be a criminal offense under RCW 9A.40.060(2) or 9A.40.070(2). Violation of this order may subject a violator to arrest.

When mutual decision making is designated but cannot be achieved, the parties shall make a good faith effort to resolve the issue through the dispute resolution process.

If a parent fails to comply with a provision of this plan, the other parent's obligations under the plan are not affected.

Before signing the final parenting plan, the Court consulted the judicial information system and available databases to determine the existence of any information and proceedings that are relevant to the placement of the children.

Dated this ___ day of _____, 2014.

_____
JUDGE/COURT COMMISSIONER

Presented by:

_____
JASON GABER
WSBA# 31452
Attorney for Petitioner

Approved for Entry, Notice of Presentation Waived:

_____
PEGGY FRANCH INEAUD G ROSS.
WSBA #14731
Attorney for Respondent

Approved for Entry:

_____
NOAH KEABLES, Petitioner

Approved for Entry:

_____
PAMELA KEABLES, Respondent

*Parenting Plan (PPP, PPT, PP) - Page 9 of 10*

## 3.2 School schedule - addendum

Children to reside w/ mother, except the following time w/ father (only 4-week rotation)

Week 1: Wednesday after school (or 9:00 am if no school) to Saturday at 9:00 a.m.

Week 2: Thursday after school (or 9:00 am if no school) until Monday return to school (or 9:00 am if no school).

Week 3: Thursday after school (or 9:00 am if no school) to Sunday morning at 7:45 a.m., father to drop off at St. Luke's.

Week 4: Thursday after school (or 9:00 am if no school) until Monday return to school (or 9:00 am if no school.

**GABER LAW FIRM, PLLC**
10216 SE 256th St., Suite # 103, PMB 196
Kent, WA 98030
(Ph) 253-266-3538 (Fax) 253-639-8782

FamilySoft FormPAK 2012

Case No. 14-11665-CMA          EXIBIT A          Adv. Proc. No. 19-01060-CMA

## Keables - Property and Debt Chart - 2/14/13

| Property | Value | Awarded to wife | Wife's Sep. prop. | Awarded to Husband | Husband's sep. Prop. |
|---|---|---|---|---|---|
| House-29905 8th Pl S., Federal Way, WA 98003<br><br>Value $ 233,000<br>Mortgage $254,000<br>Net - ($ 21,000) | | X | | | |
| WA State Dept of Retirement System – (Noah-not vested) SERS Plan 3 (5/4/12) | $22,366 + interest | 67% | | Balance | |
| Principal Bank IRA – Noah retirement (12/31/06) | $2,824.75 | X | | | |
| 2004 Kia Sedona EX van | $2,115 | $2,115 | | | |
| 1994 Dodge Dakota Truck | $1,897 | | | $1,897 | |
| 2006 Suzuki CRZ400sm ($2,305) sep. prp | | | | | $2,305 |
| Savings bonds from Noah's parents Husband's custody pay | | | | X | $2,000 |
| Total comm. Assets: | | | | | |
| | | 's | | | |

| DEBTS | VALUE | Comm. Debt | Seprate Debt | Comm. Debt | Separate Debt |
|---|---|---|---|---|---|
| Citi Bank credit card | $8,013 | | $8,013 | | |
| Citi Platinum card (12/12) | $7,906 | | $7,906 | | |
| Citi diamond card (3/12) | $7,224 | | $7224 | | |
| Slate credit card (2/2010) | $8,982 | | | | |
| Chase credit card | $? | | | | |
| Capital One credit card 3/2010 $5417 | $9,864 | | $4,447 | | |
| Visa credit card-Noah (1860) 8/15/12 | $4,664 | | | | $ 4,664 |
| Best Buy credit card (5/10) | $572 | | $572 | | |
| BECU – Line of Credit Motorcycle loan (#4182) (8/16/12) | $3,498 | | | | $ 3,498 |
| Total: | $50,723 | | | | |
| | | % of Comm. Debt | | % of Comm. Debt | |
| TOTAL Assets/debt result: | | | | | |

**Superior Court of Washington**
**County of KING**

| | |
|---|---|
| In re the Marriage of: | No. 12-3-04949-5 KNT |
| NOAH KEABLES | **Order of Child Support**<br>**Final Order (ORS)** |
| Petitioner, | **Clerk's Action Required** |
| and | |
| PAMELA KEABLES | |
| Respondent. | |

## I. Judgment Summary

**1.1 Judgment Summary for Non-Medical Expenses**

Does not apply.

**1.2 Judgment Summary for Medical Support**

Does not apply.

## II. Basis

**2.1 Type of Proceeding**

This order is entered under a petition for dissolution of marriage or domestic partnership, legal separation, or declaration concerning validity:

decree of dissolution, legal separation or a declaration concerning validity.

Order of Child Support (TMORS, ORS) - Page 1 of 10
WPF DR 01.0500 Mandatory (6/2010) - RCW 26.09.175; 26.26.132

**GABER LAW FIRM, PLLC**
10216 SE 256th St., Suite # 103, PMB 196
Kent, WA 98030
(Ph) 253-266-3538 (Fax) 253-639-8782

FamilySoft FormPAK 2012

## 2.2 Child Support Worksheet

The child support worksheet which has been approved by the court is attached to this order and is incorporated by reference or has been initialed and filed separately and is incorporated by reference.

## 2.3 Other

//

## III. Findings and Order

*It Is Ordered*:

## 3.1 Child(ren) for Whom Support Is Required

| Name (first/last) | Age |
|---|---|
| STEPHEN KEABLES | 13 |
| BARNABAS KEABLES | 11 |
| MIRIAM KEABLES | 9 |
| NATHANAEL KEABLES | 6 |
| NAOMI KEABLES | 6 |

## 3.2 Person Paying Support (Obligor)

Name (first/last): NOAH KEABLES
Birth date: 10/19/1980
Service Address: 1235 S.W. 301st
Federal Way, WA 98023

_____

_____

***The Obligor Parent Must Immediately File With the Court and the Washington State Child Support Registry, and Update as Necessary, the Confidential Information Form Required by RCW 26.23.050.***

***The Obligor Parent Shall Update the Information Required by Paragraph 3.2 Promptly After any Change in the Information. The Duty to Update the Information Continues as long as any Support Debt Remains due Under This Order.***

For purposes of this Order of Child Support, the support obligation is based upon the following income:

Order of Child Support (TMORS, ORS) - Page 2 of 10
WPF DR 01.0500 Mandatory (6/2010) - RCW 26.09.175; 26.26.132

GABER LAW FIRM, PLLC
10216 SE 256th St., Suite # 103, PMB 196
Kent, WA 98030
(Ph) 253-266-3538 (Fax) 253-639-8782

FamilySoft FormPAK 2012

A.    Actual Monthly Net Income: $4,305.75.

**3.3    Person Receiving Support (Obligee)**

Name (first/last):    PAMELA KEABLES
Birth date:    8/1/1981
Service Address: *29905 8th Pl. S.*
*Federal Way, WA 98003*

_____

_____

***The Obligee Must Immediately File With the Court and the Washington State Child Support Registry and Update as Necessary the Confidential Information Form Required by RCW 26.23.050.***

***The Obligee Shall Update the Information Required by Paragraph 3.3 Promptly After any Change in the Information. The Duty to Update the Information Continues as Long as any Monthly Support Remains Due or any Unpaid Support Debt Remains Due Under This Order.***

For purposes of this Order of Child Support, the support obligation is based upon the following income:

The net income of the obligee is imputed at $1,600.73 because:
*a student working part-time. The imputed*
the obligee is *amount is based on minimum wage as Obligee has*
*no work history.* ~~this social maintenance was not included in the imputed~~
~~as the retirement took into consideration funds needed in that household.~~
The obligor may be able to seek reimbursement for day care or special child rearing,
expenses not actually incurred. RCW 26.19.080. *(each party is paying their*
*own daycare.)*

**3.4    Service of Process**

***Service of Process on the Obligor at the Address Required by Paragraph 3.2 or any Updated Address, or on the Obligee at the Address Required by Paragraph 3.3 or any Updated Address, may Be Allowed or Accepted as Adequate in any Proceeding to Establish, Enforce or Modify a Child Support Order Between the Parties by Delivery of Written Notice to the Obligor or Obligee at the Last Address Provided.***

**3.5    Transfer Payment**

**GABER LAW FIRM, PLLC**
10216 SE 256th St., Suite # 103, PMB 196
Kent, WA  98030
(Ph) 253-266-3538 (Fax)  253-639-8782

FamilySoft FormPAK 2012

Case No. 14-11665-CMA              EXIBIT A              Adv. Proc. No. 19-01060-CMA

The obligor parent shall pay the following amounts per month for the following children:

| Name | Amount |
|------|--------|
| STEPHEN KEABLES | $156.80 |
| BARNABAS KEABLES | $100.00 |
| MIRIAM KEABLES | $100.00 |
| NATHANAEL KEABLES | $100.00 |
| NAOMI KEABLES | $100.00 |
| **Total Monthly Transfer Amount** | $556.80 |

*The Obligor Parent's Privileges to Obtain or Maintain a License, Certificate, Registration, Permit, Approval, or Other Similar Document Issued by a Licensing Entity Evidencing Admission to or Granting Authority to Engage in a Profession, Occupation, Business, Industry, Recreational Pursuit, or the Operation of a Motor Vehicle may Be Denied or may Be Suspended if the Obligor Parent is not in Compliance With This Support Order as Provided in Chapter 74.20A Revised Code of Washington.*

**3.6  Standard Calculation**

$1,491.63.  (See Worksheet line 17.)

**3.7  Reasons for Deviation From Standard Calculation**

The child support amount ordered in paragraph 3.5 deviates from the standard calculation for the following reasons:

The children spend(s) a significant amount of time with the parent who is obligated to make a support transfer payment.  The deviation does not result in insufficient funds in the receiving parent's household to meet the basic needs of the children.  The children do not receive public assistance;

The factual basis for these reasons is as follows:

The parents have a 50/50 residential schedule.

**3.8  Reasons why Request for Deviation Was Denied**

Does not apply.  A deviation was ordered.

**3.9  Starting Date and Day to Be Paid**

Starting Date:          February 1, 2014

Day(s) of the month
support is due:          1st

Order of Child Support (TMORS, ORS) - Page 4 of 10
WPF DR 01.0500 Mandatory (6/2010) - RCW 26.09.175; 26.26.132

GABER LAW FIRM, PLLC
10216 SE 256th St., Suite # 103, PMB 196
Kent, WA  98030
(Ph) 253-266-3538 (Fax)  253-639-8782

FamilySoft FormPAK 2012

**3.10 Incremental Payments**

Does not apply.

**3.11 Making Support Payments**

Select Enforcement and Collection, Payment Services Only, or Direct Payment:

Enforcement and collection: The Division of Child Support (DCS) provides support enforcement services for this case because: a parent has **signed** the application for services from DCS **on the last page of this support order.** Support payments shall be made to:

> Washington State Support Registry
> P.O. Box 45868
> Olympia, WA 98504
> Phone: 1-800-922-4306
> or 1-800-442-5437

A party required to make payments to the Washington State Support Registry will not receive credit for a payment made to any other party or entity. The obligor parent shall keep the registry informed whether he or she has access to health insurance coverage at reasonable cost and, if so, to provide the health insurance policy information.

Any time the Division of Child Support is providing support enforcement services under RCW 26.23.045, or if a party is applying for support enforcement services by signing the application form on the bottom of the support order, the receiving parent might be required to submit an accounting of how the support, including any cash medical support, is being spent to benefit the children.

**3.12 Wage Withholding Action**

Withholding action may be taken against wages, earnings, assets, or benefits, and liens enforced against real and personal property under the child support statutes of this or any other state, without further notice to the obligor parent at any time after entry of this order unless an alternative provision is made below:

[If the court orders immediate wage withholding in a case where Division of Child Support does not provide support enforcement services, a mandatory wage assignment under Chapter 26.18 RCW must be entered and support payments must be made to the Support Registry.]

**3.13 Termination of Support**

Support shall be paid:

**GABER LAW FIRM, PLLC**
10216 SE 256th St., Suite # 103, PMB 196
Kent, WA 98030
(Ph) 253-266-3538 (Fax) 253-639-8782

until the children reach the age of 18, or as long as the children remain(s) enrolled in high school, whichever occurs last, (not to exceed age 19), except as otherwise provided below in Paragraph 3.14.

## 3.14 Post Secondary Educational Support

The right to request post secondary support is reserved, provided that the right is exercised before support terminates as set forth in paragraph 3.13.

## 3.15 Payment for Expenses not Included in the Transfer Payment

The petitioner shall pay ~~73%~~ *60%* and the respondent ~~27%~~ *40%* (each parent's proportional share of income from the Child Support Schedule Worksheet, line 6) of the following expenses incurred on behalf of the children listed in Paragraph 3.1:

1.  Agreed upon extracurricular activities.

Payments shall be made to the provider of the service.

Each parent shall be responsible for their own child care costs.

## 3.16 Periodic Adjustment

Does not apply.

## 3.17 Income Tax Exemptions

Tax exemptions for the children shall be allocated as follows: *(Includes tax year 2013)*

The father shall claim *oldest* ~~three~~ children *as exemptions* for tax purposes for each year, *provided he is current in child support & maintenance by Dec 31st of the tax year to be claimed. Mother shall receive two children (twins) as exemptions. Mother shall be designated head of household for the children for tax purposes,* ~~if only one parent can claim~~. *Exemptions and HOH designation subject to modification at any future adjustment/modification and when Maintenance*
The parents shall sign the federal income tax dependency exemption waiver. *terminates*

## 3.18 Medical Support - Health Insurance

Each parent shall provide health insurance coverage for the children listed in paragraph 3.1, as follows:

**3.18.1 Health Insurance** (either check box A(1) or check box A(2) and complete sections B and C. *Section D applies in all cases.*)

A.    Evidence

Order of Child Support (TMORS, ORS) - Page 6 of 10
WPF DR 01.0500 Mandatory (6/2010) - RCW 26.09.175; 26.26.132

**GABER LAW FIRM, PLLC**
10216 SE 256th St., Suite # 103, PMB
196
Kent, WA 98030
(Ph) 253-266-3538 (Fax) 253-639-8782

FamilySoft FormPAK 2012

Case No. 14-11665-CMA          EXHIBIT A          Adv. Proc. No. 19-01060-CMA

**B.** Findings about insurance:

| NOAH KEABLES (Parent's Name) | PAMELA KEABLES (Parent's Name) | Check at least one of the following findings for each parent. |
|---|---|---|
| [X] | | Insurance coverage for the children is available and accessible to this parent at $225.60 cost (children's portion of the premium, only). |
| | [ ] | Insurance coverage for the children is available and accessible to this parent at $ cost (children's portion of the premium, only). |
| [ ] | | Insurance coverage for the children is available but not accessible to this parent at $ cost (children's portion of the premium, only). |
| | [ ] | Insurance coverage for the children is available but not accessible to this parent at $ cost (children's portion of the premium, only). |
| [ ] | | Neither parent has available or accessible insurance through an employer or union; but this parent is able to provide private coverage at a cost not to exceed 25% of this parent's basic support obligation. |
| | [ ] | Neither parent has available or accessible insurance through an employer or union; but this parent is able to provide private coverage at a cost not to exceed 25% of this parent's basic support obligation. |
| [ ] | [ ] | (Check only one parent) Both parties have available and accessible coverage for the children. The court finds that this parent has better coverage considering the needs of the children, the cost and extent of each parent's coverage, and the accessibility of the coverage. |
| [ ] | [ ] | Other: |

**C.** Parties' obligations:

The court makes the following orders:

| NOAH KEABLES (Parent's Name) | PAMELA KEABLES (Parent's Name) | Check at least one of the following options for each parent. |
|---|---|---|

GABER LAW FIRM, PLLC
10216 SE 256th St., Suite # 103, PMB 196
Kent, WA 98030
(Ph) 253-266-3538 (Fax) 253-639-8782

FamilySoft FormPAK 2012

Case No. 14-11665-CMA          EXIBIT A          Adv. Proc. No. 19-01060-CMA

| | | |
|---|---|---|
| [X] | [X] | This parent shall provide health insurance coverage for the children that is available through **employment or is union-related** as long as the cost of such coverage <u>does not exceed</u> 25% of this parent's basic support obligation. |
| [ ] | [ ] | This parent shall provide health insurance coverage for the children that is available through **employment or is union-related** even though the cost of such coverage <u>exceeds</u> 25% of this parent's basic support obligation. It is in the best interests of the children to provide such coverage despite the cost *because*: |
| [ ] | [ ] | This parent shall provide **private** health insurance coverage for the children as long as the cost of such coverage <u>does not exceed</u> 25% of this parent's basic support obligation. |
| [ ] | [ ] | This parent shall provide **private** health insurance coverage for the children even though the cost of such coverage <u>exceeds</u> 25% of this parent's basic support obligation. It is in the best interests of the child(ren) to provide such coverage despite the cost *because*: |
| [ ] | [ ] | This parent shall pay $_____ towards the health insurance premium being paid by the other parent. This amount is this parent's proportionate share of the premium or 25% of this parent's basic support obligation, whichever is less. This payment is only required if this parent is not providing insurance as described above. |
| [ ] | [ ] | This parent's contribution to the health insurance premium is calculated in the Worksheet and included in the transfer payment. |
| [ ] | [X] | This parent shall be **excused** from the responsibility to provide health insurance coverage and from the responsibility to provide monthly payment towards the premium *because*: *Father provides insurance for the children.* (Only one parent may be excused.) |

D.     Both parties' obligation:

**GABER LAW FIRM, PLLC**
10216 SE 256th St., Suite # 103, PMB
196
Kent, WA  98030
(Ph) 253-266-3538 (Fax)  253-639-8782

FamilySoft FormPAK 2012

Case No. 14-11665-CMA          EXIBIT A          Adv. Proc. No. 19-01060-CMA

If the children are receiving state financed medical coverage, the Division of Child Support may enforce the responsible parent's monthly premium.

The parent(s) shall maintain health insurance coverage, if available for the children listed in paragraph 3.1, until further order of the court or until health insurance is no longer available through the parents' employer or union and no conversion privileges exist to continue coverage following termination of employment.

A parent who is required under this order to provide health insurance coverage is liable for any covered health care costs for which that parent receives direct payment from an insurer.

A parent who is required under this order to provide health insurance coverage shall provide proof that such coverage is available or not available within 20 days of the entry of this order to the other parent or the Washington State Support Registry if the parent has been notified or ordered to make payments to the Washington State Support Registry.

If proof that health insurance coverage is available or not available is not provided within 20 days, the parent seeking enforcement or the Department of Social and Health Services may seek direct enforcement of the coverage through the other parent's employer or union without further notice to the other parent as provided under Chapter 26.18 RCW.

### 3.18.2 Change of Circumstances and Enforcement

A parent required to provide health insurance coverage must notify both the Division of Child Support and the other parent when coverage terminates.

If the parents' circumstances change, or if the court has not specified how medical support shall be provided, the parents' medical support obligations will be enforced as provided in
RCW 26.18.170. If a parent does not provide proof of accessible coverage for the child(ren) through private insurance, a parent may be required to satisfy his or her medical support obligation by doing one of the following, listed in order of priority:

> Providing or maintaining health insurance coverage through the parent's employment or union at a cost not to exceed 25% of that parent's basic support obligation;
> Contributing the parent's proportionate share of a monthly premium being paid by the other parent for health insurance coverage for the child(ren) listed in paragraph 3.1 of this order, not to exceed 25% of the obligated parent's basic support obligation; or
> Contributing the parent's proportionate share of a monthly premium paid by the state if the child(ren) receives state-financed medical coverage through DSHS under RCW 74.09 for which there is an assignment.

A parent seeking to enforce the obligation to provide health insurance coverage may apply for support enforcement services from the Division of Child Support; file a motion for contempt (use form WPF DRPSCU 05.0100, Motion/Declaration for an Order to

Order of Child Support (TMORS, ORS) - Page 9 of 10
WPF DR 01.0500 Mandatory (6/2010) - RCW 26.09.175; 26.26.132

GABER LAW FIRM, PLLC
10216 SE 256th St., Suite # 103, PMB
196
Kent, WA 98030
(Ph) 253-266-3538 (Fax) 253-639-8782

FamilySoft FormPAK 2012

Case No. 14-11665-CMA          EXIBIT A          Adv. Proc. No. 19-01060-CMA

Show Cause re Contempt); or file a petition.

**3.19  Uninsured Medical Expenses**

Both parents have an obligation to pay their share of uninsured medical
expenses.
The petitioner shall pay ~~75%~~ *60%* of uninsured medical expenses (unless stated
otherwise, the petitioner's proportional share of income from the Worksheet, line
6) and the respondent shall pay ~~25%~~ *40%* of uninsured medical expenses (unless
stated otherwise, the respondent's proportional share of income from the
Worksheet, line 6).
This section shall not apply to
routine non-prescription/antibiotic medication.

**3.20  Back Child Support**

*Any ~~No~~ back child support ~~is owed at this time.~~ that may be owed is not addressed by this order*

**3.21  Past Due Unpaid Medical Support** *(same as 3.20)*

~~No back interest is owed at this time.~~

**3.22  Other Unpaid Obligations**

No back interest is owed at this time.

**3.23  Other** – *husband* *Father shall maintain his life insurance he currently
has through work and the wife shall remain the sole* *$250,000 face value*
*beneficiary for so long as there is a spousal support obligation
thereafter Father shall designate the children in paragraph 3.1
as beneficiaries and provide proof of beneficiary status to wife annually*

Dated: _____

**Judge/Commissioner**

Presented by:

Approved for entry:
Notice of presentation waived:

_____ 31452
Jason D. Gaber
Attorney for Petitioner

_____ 14731
*Peggy Haychuimand Gross*
Attorney for Respondent

_____
Noah Keables, Petitioner

*Pamela Keables*
Pamela Keables, Respondent

**GABER LAW FIRM, PLLC**
10216 SE 256th St., Suite # 103, PMB
196
Kent, WA 98030
(Ph) 253-266-3538 (Fax) 253-639-8782

FamilySoft FormPAK 2012

*Up to amount of unpaid interest
owed, children listed as
remaining beneficiaries*

Case No. 14-11665-CMA          EXIBIT A          Adv. Proc. No. 19-01060-CMA

# Washington State Child Support Schedule Worksheets

[ ] Proposed by [ ]          [ ] State of WA  [ ] Other        (CSWP)
Or, [ ] Signed by the Judicial/Reviewing Officer. (CSW)

**Mother** PAMELA KEABLES         **Father** NOAH KEABLES
**County** KING                **Case No.** 12-3-04949-5 KNT

| Child(ren) and Age(s): STEPHEN KEABLES, 13; BARNABAS KEABLES, 11; MIRIAM KEABLES, 9; NATHANAEL KEABLES, 6; NAOMI KEABLES, 6 | | |
|---|---|---|
| **Part I: Income** (see Instructions, page 6) | | |
| 1. Gross Monthly Income | **Father** | **Mother** |
|     a. Wages and Salaries (Imputed for Mother) | $6,042.60 | - |
|     b. Interest and Dividend Income | - | - |
|     c. Business Income | - | - |
|     d. Maintenance Received | - | - |
|     e. Other Income | - | - |
|     f. Imputed Income | - | $1,733.33 |
|     g. Total Gross Monthly Income (add lines 1a through 1f) | $6,042.60 | $1,733.33 |
| 2. Monthly Deductions from Gross Income | | |
|     a. Income Taxes (Federal and State)  Tax Year: 2014 | $953.92 | - |
|     b. FICA (Soc.Sec.+Medicare)/Self-Employment Taxes | $462.26 | $132.60 |
|     c. State Industrial Insurance Deductions | $7.00 | - |
|     d. Mandatory Union/Professional Dues | - | - |
|     e. Mandatory Pension Plan Payments | $304.54 | - |
|     f. Voluntary Retirement Contributions | - | - |
|     g. Maintenance Paid | - | - |
|     h. Normal Business Expenses | - | - |
|     i. Total Deductions from Gross Income (add lines 2a through 2h) | $1,727.72 | $132.60 |
| 3. Monthly Net Income (line 1g minus 2i) | $4,314.88 | $1,600.73 |
| 4. Combined Monthly Net Income (line 3 amounts combined) | $5,915.61 | |
| 5. Basic Child Support Obligation (Combined amounts →) | | |
|     STEPHEN KEABLES    $502.00 | | |
|     BARNABAS KEABLES    $407.00 | $2,130.00 | |
|     MIRIAM KEABLES    $407.00 | | |
|     NATHANAEL KEABLES    $407.00 | | |
|     NAOMI KEABLES    $407.00 | | |
| 6. Proportional Share of Income (each parent's net income from line 3 divided by line 4) | .729 | .271 |

*WSCSS-Worksheets - Mandatory (CSW/CSWP) 07/2013 Page 1 of 5*

| Part II: Basic Child Support Obligation  (see instructions, page 7) | | |
|---|---|---|
| 7. Each Parent's Basic Child Support Obligation without consideration of low income limitations (Each parent's Line 6 times Line 5.) | $1,552.77 | $577.23 |
| 8. Calculating low income limitations: Fill in only those that apply. | | |
| Self-Support Reserve: (125% of the Federal Poverty Guideline.) | $1,197.00 | |
| a. Is combined Net Income Less Than $1,000? If yes, for each parent enter the presumptive $50 per child. | - | - |
| b. Is Monthly Net Income Less Than Self-Support Reserve? If yes, for that parent enter the presumptive $50 per child. | - | - |
| c. Is Monthly Net Income equal to or more than Self-Support Reserve? If yes, for each parent subtract the self-support reserve from line 3. If that amount is less than line 7, enter that amount or the presumptive $50 per child, whichever is greater. | - | $403.73 |
| 9. Each parent's basic child support obligation after calculating applicable limitations.  For each parent, enter the lowest amount from line 7, 8a - 8c, but not less than the presumptive $50 per child. | $1,552.77 | $403.73 |

| Part III: Health Care, Day Care, and Special Child Rearing Expenses  (see instructions, page 8) | | |
|---|---|---|
| 10. Health Care Expenses | **Father** | **Mother** |
| a. Monthly Health Insurance Paid for Child(ren) | $225.60 | - |
| b. Uninsured Monthly Health Care Expenses Paid for Child(ren) | - | - |
| c. Total Monthly Health Care Expenses (line 10a plus line 10b) | $225.60 | - |
| d. Combined Monthly Health Care Expenses (line 10c amounts combined) | $225.60 | |
| 11. Day Care and Special Expenses | | |
| a. Day Care Expenses | - | - |
| b. Education Expenses | - | - |
| c. Long Distance Transportation Expenses | - | - |
| d. Other Special Expenses (describe) | | |
| | - | - |
| | - | - |
| | - | - |
| | - | - |
| e. Total Day Care and Special Expenses (Add lines 11a through 11d) | - | - |
| 12. Combined Monthly Total Day Care and Special Expenses (line 11e amounts Combined) | | |
| 13. Total Health Care, Day Care, and Special Expenses (line 10d plus line 12) | $225.60 | |
| 14. Each Parent's Obligation for Health Care, Day Care, and Special Expenses (multiply each number on line 6 by line 13) | $164.46 | $61.14 |

| Part IV: Gross Child Support Obligation | | |
|---|---|---|
| 15. Gross Child Support Obligation  (line 9 plus line 14) | $1,717.23 | $464.87 |

| Part V:  Child Support Credits  (see instructions, page 9) | | |
|---|---|---|
| 16. Child Support Credits | | |
| a. Monthly Health Care Expenses Credit | $225.60 | - |
| b. Day Care and Special Expenses Credit | - | - |

*WSCSS-Worksheets - Mandatory (CSW/CSWP) 07/2013 Page 2 of 5*

| | Father's Household | Mother's Household |
|---|---|---|
| c. Other Ordinary Expenses Credit (describe) | - | - |
| | - | - |
| | - | - |
| d. Total Support Credits (add lines 16a through 16c) | $225.60 | - |

**Part VI: Standard Calculation/Presumptive Transfer Payment** (see instructions, page 9)

| | | |
|---|---|---|
| 17. Standard Calculation (line 15 minus line 16d or $50 per child whichever is greater) | $1,491.63 | $464.87 |

**Part VII: Additional Informational Calculations**

| | | |
|---|---|---|
| 18. 45% of each parent's net income from line 3 (.45 x amount from line 3 for each parent) | $1,941.70 | $720.33 |
| 19. 25% of each parent's basic support obligation from line 9 (.25 x amount from line 9 for each parent) | $388.19 | $100.93 |

**Part VIII: Additional Factors for Consideration** (see instructions, page 9)

| | Father's Household | Mother's Household |
|---|---|---|
| 20. Household Assets (List the estimated value of all major household assets.) | | |
| a. Real Estate | - | - |
| b. Investments | $1,900.00 | - |
| c. Vehicles and Boats | - | - |
| d. Bank Accounts and Cash | $20.00 | - |
| e. Retirement Accounts | - | - |
| f. Other: (describe) | - | - |
| | - | - |
| | - | - |
| | - | - |
| 21. Household Debt (List liens against household assets, extraordinary debt.) | | |
| a. | - | - |
| b. | - | - |
| c. | - | - |
| d. | - | - |
| e. | - | - |
| f. | - | - |
| 22. Other Household Income | | |
| a. Income Of Current Spouse or Domestic Partner (if not the other parent of this action) | | |
| Name | - | - |
| Name | - | - |
| b. Income Of Other Adults in Household | | |
| Name | - | - |
| Name | - | - |
| c. Gross income from overtime or from second jobs the party is asking the court to exclude per instructions, page 8 | - | - |
| d. Income Of Child(ren) (if considered extraordinary) | | |
| Name | - | - |
| Name | - | - |

*WSCSS-Worksheets - Mandatory (CSW/CSWP) 07/2013 Page 3 of 5*

| | Father's Household | Mother's Household |
|---|---|---|
| e. Income From Child Support | | |
| Name | - | - |
| Name | - | - |
| | | |
| f. Income From Assistance Programs | | |
| Program | - | - |
| Program | - | - |
| | | |
| g. Other Income (describe) | | |
| | - | - |
| | - | - |
| 23. Non-Recurring Income (describe) | | |
| | - | - |
| | - | - |

| 24. Child Support Owed, Monthly, for Biological or Legal Child(ren) | Father's Household | Mother's Household |
|---|---|---|
| Name/age: _____ Paid [] Yes [] No | - | - |
| Name/age: _____ Paid [] Yes [] No | - | - |
| Name/age: _____ Paid [] Yes [] No | - | - |
| 25. Other Child(ren) Living In Each Household (First name(s) and age(s)) | | |
| | | |
| | | |

| 26. Other Factors For Consideration |
|---|
| |

Other Factors For Consideration (continued) **(attach additional pages as necessary)**

## Signature and Dates

I declare, under penalty of perjury under the laws of the State of Washington, the information contained in these Worksheets is complete, true, and correct.

_____
Mother's Signature

_____
Father's Signature

_____    _____
Date                                          City

_____    _____
Date                                          City

_____    _____
Judicial/Reviewing Officer                Date

**Worksheet certified by the State of Washington Administrative Office of the Courts.**
**Photocopying of the worksheet is permitted.**
*WSCSS-Worksheets - Mandatory (CSW/CSWP) 07/2013 Page 5 of 5*      Support*Calc* ® **2014**
c:..\state templates\waworksheet.dtf  c:\program files\legalplus\keables, noah\keables, noah.scp 01/20/2014 11:40 am