# EXIBIT E

# Noah Keables Case No. 14-11665-MLB

From: Pamela Keables (pamelas_closet_usa@yahoo.com)
To: ewood1@aol.com
Date: Wednesday, May 21, 2014, 2:51 PM PDT

# Pamela Keables

29905 8th Place South
Federal Way, WA 98003
(253) 332-4078
pamelas_closet_usa@yahoo.com

May 21, 2014

RE:     Noah Keables Bankruptcy
        Case No. 14-11665-MLB

Dear Edmund Wood:

I am writing you because I want to still believe that justice does exist even though a nightmare has manifested itself recently in my only real encounters with the justice system. You see, I am going to be rendered homeless with my five children because I had no idea that my soon to be ex-husband claimed a house that has been in my family for three generations as his asset in bankruptcy. A house that he agreed just days earlier in mediation would be mine in our divorce in a binding CR 2A agreement. He agreed to cooperate with transferring title, but instead of fulfilling his promise, he filed bankruptcy to apparently make sure that I lost the only real asset that I would own.

Aside from the sentimental value, the equity I would accrue over the years was going to be my only real pension; I would be able to cash out on the equity 20 or 30 years from now after I was able to raise my children in the home. I would have also had the choice to pass it on to one of my children if I wanted to. I agreed to take less in the divorce so I could keep the house. I had not missed a payment even after he left us and the bank already committed to working with me to make the payments even easier once he removed his name from the title. The mortgage is not in arrears and the creditor is being properly and timely paid by me, yet I am going to lose my family home because he files for bankruptcy? It is my understanding that I would not be in this predicament if he had abided by the terms of the agreement and transferred title to me before he filed for bankruptcy, yet my children and I are punished. How is any of this just or fair?

I enclose the only notices I received regarding this bankruptcy. The first notice (Ex. A) says nothing about me or any impact to me by him filing for bankruptcy. In fact, it seems to state that I should do nothing unless you requested. The second notice (Ex. B) that came to me spoke of back child support and mentioned nothing about my home being at stake even though I am listed as a co-debtor. Noah did not owe back child support so there was no need for me to respond.

It was not until April 14th at 4:30 pm that I was informed by Noah that my house was involved in this bankruptcy. The text of the email to me was as follows:

| Case No. 14-11665-CMA | EXIBIT E | Adv. Proc. No. 19-01060-CMA |

> *"I was in bankruptcy court last Thursday. There is a Federal Trustee that Administrates the proceeding. His job was to verify my information and make sure I understood everything that I signed. One of the questions was what I am going to do with the house. I told him that I am surrendering it. He asked if you were in agreement with this. I told him that it was my understanding that you'd be filing bankruptcy too and letting the house go, but that I didn't want to answer definitively for you. He requested contact information and I gave him your email address. If he hasn't emailed you yet, he will be soon."*

I had no intention of filing for bankruptcy and always intended to keep my house. Noah apparently neglected to tell you of his promise to let me keep the house in the divorce and misled you on my intentions. Nobody has asked me what I want to do with the house, the first email I received after April 14th noted that the decision was already made to sell my house, and I have been frantically trying to get the house removed from these proceedings through my divorce attorney, but was told that the trustee insists that it be sold.

I have been told that I need to hire a bankruptcy attorney and that it will cost me $10,000 in attorney's fees to fight this. I do not have that kind of money. I implore you to please put a stop to this travesty of justice and restore my faith that the right thing can be done by stopping the sale of my home.

Thank you.

Sincerely,


Pamela Keables

Enc.



Ex. A _ 1 of 2.jpg
642.3kB

Ex. A _ 2 of 2.jpg
785.5kB


Ex. B _ 1 of 2.jpg
403.7kB


Ex. B _ 2 of 2.jpg
179kB

Case No. 14-11665-CMA     EXIBIT E     Adv. Proc. No. 19-01060-CMA

2/2

Exhibit A 1 of 2 per email

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/12)    Case Number 14-11665-MLB

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

### Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines
### Notice of Ex Parte Motion to Dismiss if Debtor Fails to Appear at the Sec. 341 Meeting, and Notice of Appointment of Trustee

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on **March 7, 2014**.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.
All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors — Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Noah N Keables
PO BOX 4322
Federal Way, WA 98063

| | |
|---|---|
| Case Number: 14-11665-MLB<br>Office Code: 2 | Social Security/Individual Taxpayer ID/Employer Tax ID/Other nos:<br>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 |
| Attorney for Debtor(s) (name and address):<br>Ellen Ann Brown<br>Brown & Seelye PLLC<br>744 S Fawcett Ave<br>Tacoma, WA 98402<br>Telephone number: 253-573-1958 | Bankruptcy Trustee (name and address):<br>Edmund J Wood<br>303 N 67th St<br>Seattle, WA 98103<br>Telephone number: 206-623-4382<br>Send 4002 documents to:<br>https://www.trusteblogs.com/UserPage/trusteewood/275.aspx |

### Meeting of Creditors
Date: **April 10, 2014**       Time: **01:30 PM**
Location: **US Courthouse, Room 4107, 700 Stewart St, Seattle, WA 98101**

**Important Notice to Debtors:** All Debtors (other than corporations and other business entities) must provide picture identification and proof of social security number to the Trustee at the meeting of creditors. Original documents are required; photocopies are not sufficient. Failure to comply will result in referral of your case for action by the U.S. Trustee.

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*
The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts and All Reaffirmation Agreements must be filed with the bankruptcy clerk's office by June 9, 2014**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors or within thirty (30) days of any amendment to the list or supplemental schedules, unless as otherwise provided under Bankruptcy Rule 1019(2)(B) for converted cases.

### Creditors May Not Take Certain Actions:
Generally, the filing of the bankruptcy case automatically stays certain collection and other actions against the Debtor and the Debtor's property. There are some exceptions provided for in 11 U.S.C. § 362. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>700 Stewart St, Room 6301<br>Seattle, WA 98101<br>Telephone number: 206-370-5200 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Mark L. Hatcher<br><br>This case has been assigned to Judge Marc Barreca |
| Hours Open: Monday – Friday 8:30 AM – 4:30 PM | Date: March 7, 2014 |

025215

5670502524 0013

---

Case No. 14-11665-CMA        EXIBIT E        Adv. Proc. No. 19-01060-CMA

Exhibit 19 2of 2 per email

## EXPLANATIONS
Case Number 14-11665-MLB

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) or that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint — or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) — in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Notice Re: Dismissal | If the Debtor, or joint Debtor, fails to file required schedules, statements or lists within 14 days from the date the petition was filed, the U.S. Trustee will apply for an ex parte order of dismissal on the seventh day after the deadline passes. If the Debtor, or joint Debtor, fails to appear at the meeting of creditors, the U.S. Trustee will apply for an ex parte order of dismissal seven days after the date scheduled for the meeting of creditors, or the date of any rescheduled or continued meeting. This is the only notice you will receive of the U.S. Trustee's motion to dismiss the case. If you wish to oppose the dismissal, you must file a written objection within seven days after the applicable deadline passes (i.e. 14-day deadline or date of the meeting of creditors). |
| Appointment of Trustee | Pursuant to 11 U.S.C. §701 and §322 and Fed. R. Bankr. P. 2008, Edmund J Wood is appointed Trustee of the estate of the above named Debtor to serve under the Trustee's blanket bond. The appointment is made effective on the date of this notice. Unless the Trustee notifies the U.S. Trustee and the Court in writing or rejection of the appointment within seven (7) days of receipt of this notice, the Trustee shall be deemed to have accepted the appointment. Unless creditors elect another Trustee at the meeting of creditors, the Interim Trustee appointed herein will serve as the Trustee.<br><br>Mark H Weber, Assistant U.S. Trustee |

**Refer to Other Side for Important Deadlines and Notices**

025215      56705025240013

Case No. 14-11665-CMA        EXIBIT E        Adv. Proc. No. 19-01060-CMA

*Exhibit B per email*

# WOOD & JONES
A Professional Service Corporation
303 N. 67th Street
Seattle, Washington 98103

March 11, 2014

Pamela Keables
29905 8th Pl S
Federal Way, WA 98003

      In re: NOAH N KEABLES
             Case No.: 14-11665-MLB

Dear Pamela Keables:

    I am the Chapter 7 Trustee in the case of NOAH N KEABLES filed on 03/07/2014 in the United States Bankruptcy Court for the Western District of Washington. Information provided to me as trustee indicates you may be owed money by the debtor for a domestic support obligation. If this domestic support obligation includes child support, you have the right to ask your state child support enforcement agency to assist you in collecting this child support during and after the bankruptcy case. The name, address and telephone number of this agency in your state are listed below:

        Division of Child Support
        Department of Human Services
        P.O. Box 11520
        Tacoma, Washington 98411
        (360) 664-5000

    If this letter has reached you, but you have moved to another state, you may wish to visit the internet web site of the Office of the U.S. Trustee at www.usdoj.gov/ust for a complete listing of the child support enforcement agencies for all states.

    Also, please be advised that if funds are available for a distribution in this bankruptcy case, you may file a proof of claim for all domestic support obligation amounts (child support, spousal support, alimony, maintenance, etc.) you were owed by NOAH N KEABLES when this case was filed on 03/07/2014. By law, all such domestic support claims will be given first priority and will be paid ahead of all other creditors except for certain administrative expenses. If you receive a notice from the Court that this case will have money to be distributed, you should file a proof of claim before the deadline stated in the notice. This will maximize your chances of being paid at least a portion of your domestic support obligation claim.